UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:09-CR-181 |
| vs. | ) | |
| | ) | |
| | ) | |
| DONNA SHROPSHIRE | ) | COLLIER/CARTER |

REPORT AND RECOMMENDATION

I. Introduction

This matter came before the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(B)and(C) to conduct such evidentiary hearings as deemed necessary and to issue a report and recommendation as to the defendant's mental competency to stand trial and sanity at the time of the offense.

Those appearing before the undersigned at the mental competency hearing on Wednesday, December 15, 2010, included the following:

1. Asst. United States Attorney Perry Piper.
2. Defendant Donna Shropshire.
3. Attorney John Allen Brooks for defendant
4. Dr. Jorge Luis, Forensic Psychologist, Federal Detention Center, Miami, FL (by video conference).

Motion for Psychiatric and Medical Examination

A motion was filed in this case on February 18, 2010, by defendant moving the Court for an evaluation to determine defendant's competency to stand trial and sanity at the time of the offense [Doc 250]. The Court entered an order on February 24, 2010, granting a psychiatric/psychological evaluation to determine (1) whether the defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to

1

understand the nature and consequences of the proceedings against her or to assist properly in her defense and (2) whether defendant suffered from such mental disease or defect which rendered her insane at the time of the offense charged [Doc. 268].

Dr. Jorge Luis, forensic psychologist at the Federal Bureau of Prisons in Butner, North Carolina, testified at the November 4, 2010 hearing. Dr. Luis has been a licensed psychologist since 2002. He has prepared over 250 mental evaluations in Federal Court. The parties stipulated to his qualifications as an expert forensic psychiatrist. The forensic evaluation was filed as an exhibit to the testimony of Dr. Luis. Defendant self reported to the facility on April 5, 2010, and stayed until May 20, 2010.

The following procedures were employed to assess defendant's current level of functioning:

>  Clinical Interviews
>  Mental Status Examination
>  Booklet Category Test - Second Edition (BCT)
>  Georgia Court Competency Test - Mississippi State Hospital (GCCT-MSH)
>  Personality Assessment Instrument (PAI)
>  Trail Making Test (TMT)
>  Wechsler Abbreviated Scale of Intelligence (WASI)

The defendant underwent approximately seven hours of psychological testing and clinical interview by psychology staff including Dr. Luis, and Ms. Irena Morin, M.S. and Ms. Alexandra Casalino, M.S., psychology graduate students under the supervision of Dr. Luis. (Forensic Evaluation at 3).

Dr. Luis' evaluation findings were as follows:

> Behavioral Observations: Overall, Ms. Shropshire seemed to function adequately
> in the highly structured environment of the institution. She did not demonstrate
> any difficulties getting her meals, attending to her activities of daily living,
> following instructions, or communicating. Correctional Services staff reported

that she interacted well with others. The defendant never demonstrated behavior warranting additional psychological interventions or requiring special attention.

(Forensic Evaluation at 5).

Psychiatric Treatment: While at this facility, the defendant did not request nor require any psychiatric treatment.

(Forensic Evaluation at 6).

Diagnosis:

| | |
|---|---|
| Axis I | Amphetamine Dependence, In a Controlled Environment, 304.4 |
| | Opioid Dependence, In a Controlled Environment, 304.00 |
| Axis II | Deferred, 799.9 |
| Axis III | Post Herpetic Neuralgia, Left Facial Paralysis |
| Axis IV | Problems related to interaction with legal system/crime |

(Forensic Evaluation at 7 and 8).

Dr. Luis assessed defendant's prognosis to be favorable given her stable mental status.

Tests were administered to assess the defendant in several areas of courtroom proceedings. These include testing her ability to understand the charges against her, her ability to assist defense counsel, and her ability to understand courtroom proceedings. A careful review of the defendant's general courtroom knowledge revealed a consistent and sufficient understanding of courtroom roles and proceedings. (A detailed assessment is found on page 9 of the forensic evaluation).

As to the question of insanity at the time of the offense or criminal responsibility, it was the opinion of Dr. Luis that Ms. Shropshire was criminally responsible for her behavior. The

3

report describes the standard for a finding of insanity as follows:

> Insanity at the time of the offense requires the presence of a serious mental disorder or defect, along with the evidence that there was a causal relationship between the mental disorder and the offense behavior. In other words, determination of responsibility involves questioning whether or not a mental disorder resulted in an individual's inability to appreciate the wrongfulness of his or her behavior.

(Forensic Evaluation at 9).

Dr. Luis concludes Ms. Shropshire was sane as set out below:

> Although there were no investigative documents for the examiner to review regarding the defendant's alleged offense, the defendant's mental status throughout the evaluation period does not suggest the presence of a mental disease or defect that would have interfered with her criminal responsibility. Although the defendant has alleged that her recollection of the events is reportedly incomplete, these assertions are complicated by her reports of substance abuse. The defendant reported an extensive history of daily substance abuse which would thereby invalidate the use of an insanity defense due to the volitional use of substances.

(Forensic Evaluation at 9 and 10).

No other evidence was presented by defendant to contradict the findings contained in the forensic evaluation report. However, I note that the question of sanity at the time of the offense is a question for the jury but, based upon the available evidence, it does not appear that Ms. Shropshire was insane at the time of the offense.

## II. Conclusion

Having carefully reviewed the pleadings and the evidence presented at the December 15,

2010, hearing and considering the opinion of Dr. Luis from his testimony and the report, I

RECOMMEND[1] the Court find the defendant Donna Shropshire competent to understand the

nature and consequences of the proceedings against her and able to assist in her defense.

                s/William B. Mitchell Carter
                UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).