UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No: 1:09-CR-181 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| DONNA SHROPSHIRE ) | |
| ) | |

**MEMORANDUM**

Before the Court is Defendant Donna Shropshire's ("Defendant") motion to suppress statements made on September 15, 2009 (Court File No. 594). The Court referred this motion to United States Magistrate Judge William B. Mitchell Carter pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) (Court File No. 613). Judge Carter held an evidentiary hearing on the matter and issued a Report and Recommendation ("R&R") on the motion (Court File No. 1059). Defendant filed timely objections to the R&R (Court File No. 1066), and the Government filed a response (Court File No. 1078). For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 1059). Defendant's motion to suppress will be **DENIED** (Court File No. 594).

I.  **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify, in whole or in part," the magistrate judge's findings or recommendations. The Court has "broad discretion" in conducting a *de novo* determination and is not required to rehear any contested testimony. *United States v. Raddatz*, 447 U.S. 667, 674, 681 (1980). "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on the

magistrate's proposed findings and recommendations." *Id.* at 676.

## II.    RELEVANT BACKGROUND

Neither Defendant nor the Government objects to the recitation of facts as provided in the R&R. Accordingly, the Court incorporates those portions of the magistrate judge's recitation of the facts to which objections have not been made, and only recounts the facts underlying the issues addressed in this Memorandum.

On September 14, 2009, Tennessee Bureau of Investigation Special Agent Mark Delaney ("Agent Delaney") obtained a search warrant for the residence of Glenn Skiles at 1505 Hotwater Road, Soddy Daisy, Tennessee. On September 15, 2009, Agent Delaney and other law enforcement officers executed the search warrant. Defendant was found with Skiles in an upstairs bedroom in the residence. Law enforcement agents handcuffed the two and separated them. Defendant was taken to the front porch of the house. After the search was concluded, which took at least two hours (Court File No. 1031, Tr. at 6-7), Agent Delaney went to the front porch to speak with Defendant. At the time, he removed her handcuffs and advised her of *Miranda* rights in the presence of another officer, Officer Danny Jones ("Officer Jones"). Agent Delaney did not read the rights from a prepared card, but did so from memory. At the hearing on the motion to suppress evidence, Agent Delaney testified that he orally advised Defendant of the following:

> You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to an attorney. If you cannot afford an attorney, one will be provided for you. You have the right to answer questions and stop answering questions at any time. Do you understand your rights?

(*id.*; Tr. at 11:12-17).

After advising Defendant of these rights, Agent Delaney testified he asked her if she

understood the rights, and Defendant nodded that she did. Agent Delaney also stated there were no guns drawn while Defendant was questioned, no one threatened Defendant, and he spoke in a polite and calm tone. According to him, no one threatened Defendant with the possibility of going to jail if she refused to cooperate with the officers.

After reading Defendant her rights, Agent Delaney interviewed Defendant for approximately fifteen minutes. Both Agent Delaney and Officer Jones testified Defendant seemed to understand her rights, at no time did she seem confused, and she responded to all of the questions asked appropriately.

As a result of such questioning, Defendant filed a motion to suppress such statements on the grounds (1) she was in custody at the time she was read the *Miranda* warnings; (2) the *Miranda* warnings were ineffective; and (3) any and all statements she made were involuntary (Court File No. 594). In response, the Government argued "[D]efendant was advised of her *Miranda* rights in full, her waiver of those rights was not coerced, and there was no police misconduct in the taking of the statement[s]" (Court File No. 641 at 3).

In the R&R, the magistrate judge agreed with the Government finding the *Miranda* warnings given to Defendant were complete and sufficiently "spelled out" Defendant's rights (Court File No. 1059 at 5). In addition, the R&R concluded, based on the testimony of Agent Delaney and Officer Jones, Defendant's waiver of her *Miranda* rights were "voluntary, knowing, and intelligent" (*id.* at 6). Therefore, the magistrate judge recommends this Court deny Defendant's motion to suppress.

### III. ANALYSIS

Defendant now objects to the magistrate judge's R&R on the ground "Defendant was not specifically told that she had a right to an attorney before questioning began or to have an attorney

3

present during questioning" (Court File No. 1066). Specifically, Defendant seems to preserve the argument that the *Miranda* warnings were ineffective because Defendant was not advised of all of her rights.

In *Miranda v. Arizona*, the Supreme Court of the United States held "when an individual is taken into custody or otherwise deprived of [her] freedom by the authorities in any significant way and is subjected to questioning, . . . [she] must be warned prior to any questioning that [she] has the right to remain silent, that anything [she] says can be used against [her] in a court of law, that [she] has the right to the presence of an attorney, and that if [she] cannot afford an attorney one will be appointed to [her] prior to questioning if [she] so desires." 384 U.S. 436, 478-79 (1966). In other words, the Supreme Court stated "an individual held for interrogation must be clearly informed that [she] has the right to consult with a lawyer and to have the lawyer with [her] during interrogation . . ." *Id.* at 471.

However, subsequent cases have made it clear that there are no "magic words" that need to be stated in order to effectively advise an individual of the *Miranda* warnings. *See e.g., United States v. Tillman*, 963 F.2d 137, 141 (6th Cir. 1992). Nonetheless, "there is a requirement that all elements of *Miranda* be conveyed." *Id.* Here, Defendant argues Agent Delaney failed to convey her right to have an attorney present at the time Defendant was being interviewed.

The Sixth Circuit has previously found troublesome the reading of *Miranda* warnings where the officer "failed to convey to defendant that he had the right to an attorney both before, during and after questioning." *Tillman*, 963 F.2d at 141. In *United States v. Tillman*, for example, the officers gave the following warnings to the defendant and another individual:

> They had the right to remain silent, the right to the presence of an attorney if they so wish, they are not required to answer any questions and if they decide to answer any questions they can stop and do so, and if they cannot afford any attorney one will be

4

appointed before they answer any questions.

963 F.2d at 140.

Here, the Court agrees with the magistrate judge's finding that this case is distinguishable from *Tillman*. There, the *Miranda* warnings given seemed to limit the time in which the defendant could consult with an attorney. Specifically, the warnings implied the defendant only had a right to an attorney *before* questioning began but not in the future. In this case, just as the warnings are written in the Supreme Court's decision in *Miranda v. Arizona*, "there is no reference whatsoever to restricting the right to the attorney [in the present or in] the future" (*see* Court File No. 1059).

## IV.  CONCLUSION

Accordingly, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 1059). Defendant's motion to suppress will be **DENIED** (Court File No. 594).

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**